IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. JAFFE; RONALD GRAZIANO, SR., <br>                       Plaintiffs <br><br> vs. <br><br> FEDERAL BUREAU OF PRISONS; WARDEN JOHN NASH, Warden of the Federal Correction Institution at Fort Dix, New Jersey, <br>                       Defendants | Civil Action No. 05-1153 <br> Judge Donetta W. Ambrose/ <br> Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMENDATION

RECOMMENDATION

      It is respectfully submitted that the class action complaint in the above captioned case be dismissed prior to service, without prejudice to plaintiffs' ability to file individual complaints against the defendants.

REPORT

      Plaintiffs filed the instant civil rights action seeking a declaratory judgment that the defendants' alleged custom, policy or practice of interfering with or delaying the delivery of United States mail to inmates at F.C.I. - Fort Dix Camp violates plaintiffs' First and Fifth Amendment rights.[1] The caption indicates that the plaintiffs have filed suit on behalf of themselves and all others similarly situated. The body of the complaint alleges specific instances when Plaintiff Jaffe did not receive mail timely; the sole averment regarding Plaintiff Graziano's

---

[1] Plaintiff Jaffe has been granted leave to proceed *in forma pauperis*. Plaintiff Graziano has moved to proceed *in forma pauperis* but has not yet provided the required certified inmate financial account statement.

mail, however, fails to specify dates and details. Further, the complaint asserts that the suit has been filed only on behalf of similarly situated individuals. See Complaint at ¶ 21.

This Court has an independent obligation to determine whether the action can be maintained on a class basis. Caputo v. Fauver, 800 F.Supp. 168, 169 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993)(Table). One of the primary concerns in a class action is that the class representative be capable of fairly and adequately protecting the interests of the class given the binding effect of a decree on all members of the class. Fed.R.Civ.P. Rule 23(a); Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988). In this regard, the courts have universally held that "a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Caputo, 800 F.Supp. at 170 ("prisoner proceeding pro se is inadequate to represent the interests of fellow inmates"); Maldonado v. Terhune, 28 F.Supp.2d 284, 288 (D.N.J. 1998) ("Because of the skepticism of a pro se litigant to adequately represent his own rights, Courts should hesitate to allow a lay person to risk the rights of others."); McGrew v. Texas Bd. of Pardons & Parole, 47 F.3d 158, 162 (5th Cir. 1995)("because McGrew is proceeding pro se and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)("it is plain error to premit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); Avery v. Powell, 695 F.Supp. 632, 643 (D.N.H. 1988)("pro se plaintiff may not possess the knowledge and experience necessary to protect the interests of the class as required by Rule 23(a)(4)"); Ethnic Awareness Org. v. Gagnon, 568 F.Supp. 1186, 1187 (E.D. Wis. 1983)(finding that president of association of minority prisoners would not fairly and adequately protect interests of class even though intelligent enough to

represent self); Shaffery v. Winters, 72 F.R.D. 191,193 (S.D.N.Y. 1976)("pro se litigant who is not an attorney and who labors under the restrictions of incarceration" cannot fairly and adequately represent the class); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005)(pro se prisoner cannot adequately protect the interests of purported inmate class members).  Plaintiff Graziano apparently is presently incarcerated at F.C.I. Fort Dix Camp.  Accordingly, it appears that Plaintiff Graziano is not a suitable class representative.

As well, non-prisoner individuals proceeding pro se may not adequately represent and protect the interests of a class.  Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  Plaintiff Jaffe is not incarcerated and is proceeding here as a lay person since he is no longer licensed to practice law.  Thus, it appears that Plaintiff Jaffe is not a suitable class representative.  Moreover, because Plaintiff Jaffe concedes that he is no longer incarcerated at F.C.I. - Fort Dix Camp, he lacks standing to challenge any on-going conditions at that facility.  Hassine, 846 F.2d at 176 n.3.  Where a class action plaintiff lacks standing, the proper disposition is to dismiss the complaint.  Id. at 176.

Additionally, we note that the filing of a civil rights action in federal court contains certain consequences as set forth in the Prison Litigation Reform ct, which could easily impact on the plaintiffs and class members.  Therefore, the district court should hesitate to allow the named plaintiffs to risk the rights of other inmates in this regard.

Accordingly, it is recommended that the complaint be dismissed without prejudice to plaintiffs' ability to file individual complaints against the defendants.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    /s/ Amy Reynolds Hay
                                    AMY REYNOLDS HAY
                                    United States Magistrate Judge

Dated: 4 October, 2005

cc:     Hon. Donetta W. Ambrose
         Chief United States District Judge

         Joseph A. Jaffe
         144 Conover Road
         Pittsburgh, PA 15208

         Ronald Graziano, Sr.
         06013-068
         FCI-Fort Dix Camp
         Fort Dix, NJ 08640